28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James W. FAIRFIELD, Petitioner-Appellant,
v.
Frank PREWITT, Respondent-Appellee.
 No. 93-35996.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James W. Fairfield, an Alaska state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for two counts of sexual abuse of a minor in the first degree. Fairfield claims that he was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney failed to move for a mistrial based upon the manner in which the prosecutor presented the victim with the tool with which he allegedly abuse her. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 
 3
 To obtain relief from a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 4
 Fairfield's Sixth Amendment claim is based on his trial attorney's apparent failure to request a mistrial when the prosecutor presented the victim ("J.C.") with a pair of red-handled wirecutters with which Fairfield allegedly abused her. Instead of directly presenting the tool to the four-year-old witness for identification, the prosecutor displayed the wirecutters in the top compartment of Fairfield's toolbox, separating the other tools with a small brown paper bag. This form of presentation allowed the jury to see J.C. grab the wirecutters and identify them. Fairfield claims that the prosecutor's decision to allow J.C. to reach in the box and select the isolated tool "artificially enhanced the minor's identification of the wirecutters by giving the jury the impression that she had selected it from a range of options." This unduly suggestive presentation, Fairfield argues, gave the prosecutor a critical and unfair advantage in establishing the identity of the perpetrator, requiring an immediate motion for a mistrial by his defense counsel. Thus, Fairfield claims that his trial attorney's failure to move for a mistrial after the presentation of the wirecutters fell outside the scope of reasonably effective assistance which ultimately prejudiced his defense and affected the outcome of his case. This argument lacks merit.
 
 
 5
 Although the prosecutor's decision to introduce the wirecutters to J.C. by presenting her with Fairfield's toolbox was a dramatic way to get this piece of evidence identified, the record shows that the jury received several signals from both the prosecutor and defense counsel Cannon to dispel the impression that the wirecutters were intermingled with other tools in the box. First, as soon as the child identified and grabbed the tool from the box, Cannon requested that record show that the wirecutters were laying on top of a brown paper bag at the top of the toolbox. This fact was acknowledged by the prosecutor. Second, during the testimony of Detective Baus, the prosecutor made it clear to the jury that the wirecutters had been segregated from the other tools in the box. Third, during Detective Baus' cross-examination, defense counsel Cannon highlighted the fact that the wirecutters were on top of a brown paper bag in the box. Moreover, although Cannon's affidavit is silent on whether he had a tactical reason for not requesting a mistrial based on the tool's presentation, it is conceivable that he decided against a mistrial motion so as to use the manner in which the tool was isolated and segregated to attack the reliability of its identification. Therefore, in light of all the circumstances, Cannon's failure to move for a mistrial does not fall outside the wide range of professional competence. See Strickland 466 U.S. at 689).
 
 
 6
 Moreover, even if counsel's failure to move for a mistrial subsequent to the presentation of the wirecutters fell outside the scope of reasonably effective assistance, the record does not support the "prejudice" prong of the Strickland test.
 
 
 7
 First, there was no real dispute at trial that the child had been sexually abused. The medical evidence confirmed that an object or objects had been inserted into her vagina and anus. The child told the jury that "Uncle Jimmy" had touched her in a "bad way." The child's mother testified that James Fairfield was the only person the child referred to as "Uncle Jimmy." At the grand jury hearing, J.C. identified the red-handled wirecutters from other tools intermingled in Fairfield's tool box as the one that he had inserted inside her. Therefore, Fairfield's wirecutters were a relevant and admissible piece of evidence because they tended to prove the allegations that Fairfield had abused J.C. with the tool. Had the motion for mistrial been made and granted, the state could have retried Fairfield and simply present the wirecutters to the child isolated from the toolbox and the other tools. Moreover, because Fairfield was indicted for sexually abusing the child with his penis, as well as with the tool, the exclusion of the wirecutters would not have affected his conviction on the other charge. Thus, defense counsel's failure to move for a mistrial subsequent to the presentation of the tool did not render the proceeding fundamentally unfair or unreliable or cause a different outcome. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 8
 Accordingly, the district court did not err in denying Fairfield's Sec. 2254 petition.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3